**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BART SPRINGER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

CASE NO. ____________

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441 *et seq*., Defendant Experian Information Solutions, Inc. ("Experian") hereby files this Notice of Removal of the above-captioned action to this Court and states as follows:

1. Experian is the only named Defendant in Civil Action No. 170902358 filed by Plaintiff Bart Springer ("Plaintiff") in the Court of Common Pleas of Philadelphia County, Pennsylvania (the "State Court Action").

2. The Complaint in the State Court Action was filed with the Clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania on September 19, 2017.

3. This Notice is being filed with this Court within thirty (30) days after Experian received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based, on September 28, 2017.

4. This Court is the proper district court for removal because the State Court Action is pending within this district.

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Experian in the State Court Action is attached hereto as Exhibit A.

6. Experian is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. Experian uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

7. The claims for relief against Experian alleged in the State Court Action arise under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. Thus, this court has original subject matter jurisdiction over the above-captioned action, *inter alia*, pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a).

8. Promptly after the filing of this Notice of Removal, Experian shall provide notice of the removal to Plaintiff through his attorney of record in the State Court Action, and shall file a copy of this Notice with the clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

Dated: October 17, 2017

Respectfully submitted,

Rebekah B. Kceh

Rebekah B. Kcehowski
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: (412) 391-3939
Facsimile: (412) 394-7959
Email: rbkcehowski@jonesday.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I, Rebekah B. Kcehowski, certify that on October 17, 2017, I caused the foregoing Notice of Removal to be served by U.S. Mail upon the following counsel of record in the State Court Action:

Shanon J. Carson
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-4656
Facsimile: (215) 875-4604
Email: scarson@bm.net

E. Michelle Drake
Joseph C. Hashmall
Berger & Montague, P.C.
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612) 594-5999
Facsimile: (612) 584-4470
Email: emdrake@bm.net
Email: jhashmall@bm.net

*Attorneys for Plaintiff*

Rebekah Kceh
Rebekah B. Kcehowski

# EXHIBIT A

BERGER & MONTAGUE, P.C.
Shanon J. Carson, PA Bar No. 85957
1622 Locust Street
Philadelphia, PA 19103
Telephone: 215-875-4656
Facsimile: 215-875-4604
scarson@bm.net

*Counsel for Plaintiff and the Putative Class*

Filed and Attested by the Office of Judicial Records

| | |
|---|---|
| BART SPRINGER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>TRIAL DIVISION<br><br>CLASS ACTION<br><br>Case No. ___________<br><br>JURY TRIAL DEMANDED |

## COMPLAINT – CLASS ACTION

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-1701

**AVISO**

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notification. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defenses o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demandaen contra suya sin previo aviso o notificacion. Ademas, la corte puede decidira favor del demandanta y require que usted cumplacon todas las provisiones de esta demanda. Usted puede perder dinero o sus propriedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE SI NO TIENEABOGADO O SI NO TIENE EL DINERO SUFFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONOA LA OFFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107, (215) 238-1701

On behalf of himself and all others similarly situated, Plaintiff Bart Springer ("Plaintiff"), by and through his attorneys, respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is a consumer class action brought for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") against Experian Information Solutions, Inc. ("Defendant" or "Experian"), a national consumer reporting agency. In violation of the FCRA, Experian prepares and furnishes consumer reports that include Pennsylvania state tax liens that have been paid, satisfied or released.

## PARTIES

2. Plaintiff Bart Springer is an adult individual residing in Jim Thorpe, Pennsylvania.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Defendant Experian is a "person" and "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b). Experian is authorized to do business in the State of Pennsylvania, has substantial contacts in this District, and is headquartered at 475 Anton Boulevard, Costa Mesa, CA 92626.

## JURISDICTION AND VENUE

5. The Courts of Common Pleas of this Commonwealth are endowed with full authority as provided by law, which extends to causes of action arising under federal law. 42 Pa. C.S.A. § 931.

6. The Court has personal jurisdiction over Defendant.

7. Venue in this Court is proper under Pennsylvania Rules of Civil Procedure 1006 and 2179 because Defendant regularly conducts business in Philadelphia County.

## STATEMENT OF FACTS

8. Experian is one of the "big three" credit reporting agencies in the United States.

9. Experian sells consumer reports (commonly called "credit reports") about millions of consumers annually.

10. Experian is regulated by the FCRA.

11. Experian routinely reports information about tax liens on consumer reports and continues to report tax liens for a specified number of years after they have been paid, satisfied or released.

12. On or about January 4, 2013, a Pennsylvania state tax lien in the amount of $6,777.17 was filed against Plaintiff.

13. Plaintiff caused payment in full to be sent to the Pennsylvania Department of Revenue, and on August 8, 2016, a copy of the lien release was filed with the Carbon County Prothonotary.

14. In May of 2017, after the lien was paid and after the release was filed, Plaintiff went to his local branch of Santander Bank ("Santander"), seeking a loan. In conjunction with Plaintiff's loan application, Santander received a consumer report from Defendant, which incorrectly showed that the lien was unpaid, despite the fact that the lien had been recorded as paid for nearly a year.

15. Despite the satisfaction of the tax lien, as reflected on Pennsylvania public records, and pursuant to its usual and systemic practice, Experian did not remove the tax lien public record from Plaintiff's credit reports, nor update it to show it as satisfied, released or paid.

16. Pennsylvania maintains an online registry of outstanding liens which is publicly accessible and searchable by name or address.[1] These records can be accessed for free.

---

[1] *See* http://www.revenue.pa.gov/GeneralTaxInformation/News%20and%20Statistics/Documents/lien_list-individual.pdf (last accessed Sept. 17, 2017).

17. The FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

18. At the time it issued a consumer report on Plaintiff, Experian was well aware that it had problems with failing to accurately report public record information. In fact, it has been sued multiple times for reporting out-of-date tax lien information in particular. *See Brown v. Experian Info. Sols., Inc.*, No. 16-cv-670 (E.D. Va.); *Camarata v. Experian Info. Sols., Inc.*, No. 16-cv-132 (S.D.N.Y.); *Clark v. Experian Info. Sols., Inc.*, No. 16-cv-32 (E.D. Va.); *Fuller v. Experian Info. Sols., Inc.*, No. 17-cv-740 (C.D. Cal.); *Glickman v. Experian Info. Sols., Inc.*, No. 17-cv-470 (E.D. Tex.); *Naher v. Experian Info. Sols., Inc.*, No. 17-cv-4812; *Rosbottom v. Experian Info. Sols., Inc.*, No. 16-cv-2832 (D.S.C.). These suits were all filed well in advance of the reporting of Plaintiff's lien here.

19. Experian receives its public record information that it includes on its reports from a third party. Experian knows that the tax lien information it obtains from this third party is often inaccurate, out of date, and/or stale. Yet, Experian does not take any action to ensure that the information it receives is accurate before reporting it, even when a simple, free online search could so do.

20. Experian knows that public records, and tax liens in particular, can greatly effect consumers' credit. This is evidenced by Experian, and the two other "big three" reporting agencies, agreeing to recently enforce rules on the public records they report. These rules restrict records from being reported that do not have fulsome identifying information available at the source, and require the agencies to update public records information at least once every ninety (90) days. (*See* www.nationalconsumerassistanceplan.com (last visited Aug. 17, 2017); Cowley,

Stacy, "Your Credit Score May Soon Look Better," N.Y. TIMES, June 26, 2017 (available at www.nytimes.com/2017/06/26/business/dealbook/your-credit-score-may-soon-look-better.html).)

21. Experian's failure to accurately report Plaintiff's tax lien occurred because Experian failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of reports. Specifically, Experian does not obtain up to date information on the status of tax lien releases at the time it publishes information about such liens in its reports, even though such information is freely available online.

22. Indeed, Experian has no systematic procedure to assure that, when tax liens are paid, satisfied or released, the updated status is promptly obtained and reflected upon a consumer's credit report.

23. In the FAQs on its website, Experian acknowledges that outdated lien reporting is a problem, but attempts to put the onus on the consumer to correct any outdated lien information. (*See* http://www.experian.com/blogs/ask-experian/updating-your-report-when-a-tax-lien-is-released/ ("[Tax lien status] should be updated automatically within a relatively short time. However, if you need the update to be added immediately or find that it has not been received for our automatic update, you can send the tax lien release information yourself . . . The first step is to get a copy of your personal credit to verify whether or not the status of the lien has been updated. If it has not, you can dispute the status stating that it should indicate the lien was released. You can do all of this easily and quickly online, and can upload the tax lien release documentation online as well. . . . With those documents, Experian should be able to update the status of the lien.").)

## CLASS ACTION ALLEGATIONS

24. Plaintiff incorporates by reference all preceding paragraphs as alleged above.

25. Plaintiff brings this action pursuant to Pa. R. Civ. P. 1701-16 on behalf of the following Class:

> All consumers who: (i) had a tax lien recorded in the State of Pennsylvania; (ii) the tax lien appeared on an Experian consumer report dated within two years prior to the filing of this Complaint and continuing through the resolution of this case; (iii) the State of Pennsylvania public record indicated that the tax lien had been paid, satisfied, or released on a date prior to the date of the Experian consumer report, and (iv) the Experian consumer report incorrectly identified the tax lien as not released, unpaid, or with an unpaid balance.

26. Numerosity and Ascertainability. The class members are so numerous that joinder of all is impractical. Although the precise number of class members is known only to Experian, there are tens of thousands of recorded tax liens in Pennsylvania.

27. Experian possesses data for consumers that include name, address, date of birth, Social Security Number, case numbers/lien identifiers, lien amounts, jurisdiction of liens, disposition of the liens, date of file in public record, date of disposition in public record, and dates consumers had credit inquiries where such information was reported. Experian is able to produce this data in standardized spreadsheet form.[2]

28. Pennsylvania, in turn, maintains electronic records of liens, easily accessible and reviewable, that are searchable by name, and include record descriptions, file dates, disposition dates, lien identifiers, and other identifying information.

29. The Pennsylvania data can be easily compared to Experian's data to ascertain which consumers would meet the definition of the Class above.

---

[2] *See* ECF No. 44, *Rosbottom v. Experian Info. Sols., Inc.*, No. 16-cv-02832 (D.S.C. Aug. 9, 2017).

30. Existence and Predominance of Common Questions of Law and Fact. Common questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individual members. The common legal and factual questions include, among others:

a. Whether Experian willfully violated the FCRA by reporting tax liens which, according to Pennsylvania public records, were paid; and

b. Whether Experian willfully violated the FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of the Pennsylvania tax lien information it reported.

31. Typicality. Plaintiff's claims are typical of the claims of each class member, which all arise from the same operative facts and are based on the same legal theories. Experian reports tax liens that have been paid, satisfied or released without reporting their paid, satisfied or released status. Plaintiff has the same claims for statutory, actual and punitive damages that he seeks for absent class members.

32. Adequacy. Plaintiff is an adequate representative of the Class. His interests are aligned with, and are not antagonistic to, the interests of the members of the Class he seeks to represent. He has retained counsel competent and experienced in such litigation, and intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

33. Predominance and Superiority. Questions of law and fact common to the class members predominate over questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Experian's conduct described in this Complaint stems from common and uniform practices,

resulting in common violations of the FCRA. Members of the Class do not have an interest in pursuing separate actions against Experian, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Experian's practices. Moreover, management of this action as a class action will not likely present any difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

34. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

## CAUSE OF ACTION
## 15 U.S.C. § 1681e(b)

35. Plaintiff incorporates by reference all preceding paragraphs as alleged above.

36. Experian failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the tax lien information in the consumer reports it prepared regarding Plaintiff and the other class members.

37. The foregoing violations were negligent.

38. The foregoing violations were willful.

39. Experian acted in negligent, deliberate and reckless disregard of its obligations and the rights of Plaintiff and class members under 15 U.S.C. § 1681e(b). Experian's negligent and willful conduct is reflected by, *inter alia*, the following:

(a) The FCRA was enacted in 1970, thus Experian has had over 40 years to become compliant;

(b) Experian knew that its conduct violated the FCRA, evidenced by, *inter alia*:

(i) Experian has been sued multiple times for reporting outdated tax lien information, *see, e.g.*, *Brown v. Experian Info. Sols., Inc.*, No. 16-cv-670 (E.D. Va.); *Camarata v. Experian Info. Sols., Inc.*, No. 16-cv-132 (S.D.N.Y.); *Clark v. Experian Info. Sols., Inc.*, No. 16-cv-32 (E.D. Va.); *Fuller v. Experian Info. Sols., Inc.*, No. 17-cv-740 (C.D. Cal.); *Glickman v. Experian Info. Sols., Inc.*, No. 17-cv-470 (E.D. Tex.); *Naher v. Experian Info. Sols., Inc.*, No. 17-cv-4812; *Rosbottom v. Experian Info. Sols., Inc.*, No. 16-cv-2832 (D.S.C.);

(ii) Experian is part of the recently implemented National Consumer Assistance Plan, which the purpose of, among other things, is to address issues with public record data inaccuracies, and puts in place restrictions on what public record information can be reported depending on what is available at the source, and requiring public records to be updated by Experian at least once every ninety (90) days;

(c) Experian never consulted the records' sources to determine the current status of the liens, even though those records were readily available and would have shown that class members' liens had in fact been paid, released,

or discharged (in Plaintiff's case, almost a whole year prior to the date Experian reported it);

(d) Experian instructs consumers through the FAQs on its website to take it on themselves to update Experian's lien records it is reporting, by implication illustrating that it does not have any systematic process to fulfill its obligation to keep the public record information it reports up to date;

(e) Experian's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute; and

(f) By adopting such a policy, Experian voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

40. Experian's inaccurate reporting of Plaintiff and class members' lien information harmed, and/or created a risk of real harm to, their concrete interests under the FCRA.

41. Pursuant to 15 U.S.C. §§ 1681n, o, Experian is liable to Plaintiff and the Class for its failure to comply with §1681e(b), in an amount equal to the sum of: (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorneys' fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class pray for relief as follows:

A. An order certifying the case as a class action on behalf of the proposed Class under Pa. R. Civ. P. 1701-16 and appointing Plaintiff and the undersigned counsel of record to represent same;

B. A permanent injunction requiring Experian to: (1) cease reporting inaccurate public record information about Pennsylvania consumers; (2) regularly update the public record information it obtains and reports about Pennsylvania consumers on at least a monthly basis;

C. An award of statutory, actual and punitive damages for Plaintiff and the Class;

D. An award of pre-judgment and post-judgment interest as provided by law;

E. An award of attorneys' fees and costs; and,

F. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby requests and demands a trial by jury.

BERGER & MONTAGUE, P.C.

Date: September 19, 2017

/s/Shanon J. Carson

Shanon J. Carson, PA Bar No. 85957
1622 Locust Street
Philadelphia, PA 19103
Tel.: 215.875.4656
Fax: 215.875.4604
scarson@bm.net

E. Michelle Drake*
Joseph C. Hashmall*
BERGER & MONTAGUE, P.C.
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel.: 612.594.5999
Fax: 612.584.4470
emdrake@bm.net
jhashmall@bm.net
**pro hac vice forthcoming*

ATTORNEYS FOR PLAINTIFF

**VERIFICATION**

I, Bart Springer, hereby state:

1. I am the plaintiff in this action;

2. I verify that the factual statements made in the accompanying complaint are true and correct to the best of my knowledge and belief; and

3. I understand that the statements in the accompanying complaint are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date: 9/19/2017

Bart Springer
Bart Springer

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
SEPTEMBER 2017 002358
E-Filing Number: 1709041493

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| BART SPRINGER | EXPERIAN INFORMATION SOLUTIONS, INC. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| C/O BERGER & MONTAGUE, P.C. 1622 LOCUST STREET PHILADELPHIA PA 19103 | 475 ANTON BOULEVARD COSTA MESA CA 92626 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| ☐ $50,000.00 or less<br>[X] More than $50,000.00 | ☐ Arbitration ☐ Mass Tort ☐ Commerce ☐ Settlement<br>☐ Jury ☐ Savings Action ☐ Minor Court Appeal ☐ Minors<br>☐ Non-Jury ☐ Petition ☐ Statutory Appeals ☐ W/D/Survival<br>[X] Other: CLASS ACTION |

CASE TYPE AND CODE

C1 - CLASS ACTION

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
SEP 19 2017
M. BRYANT

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: BART SPRINGER

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | | ADDRESS |
|---|---|---|
| SHANON J. CARSON | | BERGER&MONTAGUE PC<br>1622 LOCUST ST<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER<br>(215)875-3000 | FAX NUMBER<br>(215)875-4604 | |
| SUPREME COURT IDENTIFICATION NO.<br>85957 | | E-MAIL ADDRESS<br>scarson@bm.net |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*SHANON CARSON* | | DATE SUBMITTED<br>Tuesday, September 19, 2017, 03:07 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

RECEIVED

2017 SEP 26 PM 1:28

DAUPHIN COUNTY
SHERIFF'S OFFICE
HARRISBURG, PA 17101